In re Glenn Andrew CRISCO, Debtor.

The FIRST NATIONAL BANK OF HOMESTEAD, a national banking association, Plaintiff,

v.

Jeanette E. TAVORMINA, as Trustee for Glenn Andrew Crisco, and Glenn Andrew Crisco, Defendants.

No. 80–01152–BKC–SMW.

Adv. No. 81–0009–BKC–SMW–A.

United States Bankruptcy Court, S. D. Florida.

Feb. 13, 1981.

Stroock & Stroock & Lavan, Miami, Fla., for plaintiff.

Barbara Phillips, Miami, Fla., for defendant.

Jeanette Tavormina, Miami, Fla., trustee for Glenn Andrew Crisco.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON COMPLAINT FOR RELIEF FROM AUTOMATIC STAY

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come on to be heard upon Plaintiff's Complaint for Relief from Automatic Stay, and the Court having heard the testimony, and examined the evidence presented, having considered the arguments of the parties, and being fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

The Complaint for Relief from Automatic Stay filed herein by Plaintiff was duly served upon the Debtor and this Court has accepted jurisdiction over the subject matter thereof and the parties thereto.

On or about March 3, 1979, the Debtor agreed and entered into a retail installment contract (the "Contract") with the Plaintiff. By stipulation of the parties, Exhibit "A" to the Complaint filed herein is a true copy of the Contract.

By virtue of the terms of the Contract, the Debtor obligated himself to Plaintiff for the amount of FOURTEEN THOUSAND ONE HUNDRED THIRTEEN and 80/100 DOLLARS ($14,113.80) to be paid in sixty (60) monthly installments, each in the amount of TWO HUNDRED THIRTY-FIVE and 23/100 DOLLARS ($235.23).

Pursuant to the Contract, Plaintiff was granted a security interest in and lien on the following described property:

1979 Dodge Van, Serial #B21JE9K322812

Plaintiff has duly perfected its aforesaid security interest and lien by noting the existence thereof on the certificate of title covering the aforedescribed motor vehicle.

Due to the Debtor's failure to timely pay Plaintiff installments due it under the Contract, Plaintiff repossessed the subject motor vehicle from the Debtor on or about September 8, 1980. Plaintiff has had possession of the subject motor vehicle since it was repossessed based upon the belief that disposition thereof was prohibited by virtue of the automatic stay arising out of the Debtor's petition under Chapter XIII of the Bankruptcy Reform Act of 1978, which petition was filed on September 10, 1980.

The evidence adduced by Plaintiff reflects that the Debtor is presently indebted to Plaintiff in the sum of EIGHT THOUSAND EIGHT HUNDRED SEVENTY and 3/100 DOLLARS ($8,870.03), under the Contract, as well as Plaintiff's costs for repossession, care and custody of the subject motor vehicle.

Further, the testimony of Plaintiff's expert witness demonstrated that by virtue of the age, condition and model of the subject motor vehicle, said motor vehicle had a value of approximately SIX THOUSAND FIVE HUNDRED and no/100 DOLLARS ($6,500.00) as of November, 1980, and a value of approximately SIX THOUSAND and no/100 DOLLARS ($6,000.00) as of February, 1981. Such testimony was based upon the highest signed written bids submitted by three local dealers after each dealer had an opportunity to inspect and appraise such motor vehicle.

It appeared to the Court that the Debtor had no present means of satisfying, in full, his indebtedness to Plaintiff due to the garnishment of his wages on July 22, 1980 to fulfill a State Court Contempt Judgment entered in a child support proceeding on March 24, 1980.

Based upon the foregoing, the Court concludes that since the Contract balance owed by the Debtor to Plaintiff, exclusive of repossession and storage charges, exceeds the average value of the subject motor vehicle, the Debtor has no equity in said motor vehicle. Further, the Court concludes that due to the. Debtor's inability to repay his debt to Plaintiff and the absence of any present prospects for such repayment, Plaintiff is without adequate protection of its interest in the subject motor vehicle.

Accordingly, the Court holds that Plaintiff has established its right to relief from the automatic stay entered herein as it has shown cause therefor as prescribed in § 362(d) of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 362(d).

The Debtor filed a Counterclaim alleging damages suffered as a result of Plaintiff's alleged failure to dispose of the collateral in a commercially reasonable manner. It appeared to the Court that although the motor vehicle was repossessed prior to the filing of Debtor's petition, and thus would be outside the property of the Estate, the Debtor was still claiming an interest in the subject property.

It is the holding of the Court that Debtor's Counterclaim be denied on the ground that the relief sought was not available in this instance.

Further, it is the holding of the Court that Plaintiff is not entitled to recover judgment against the Debtor should a deficiency result from disposition of the aforesaid property.

A judgment will be entered in accordance with these findings and conclusions.